[No. 33544. Department One. July 6, 1956.]

ELAINE G. POFFENROTH, *Appellant,* v. LEON A. POFFENROTH, *Respondent.*[1]

*Gleeson & Smith,* for appellant.

*Griffin & Anderson* and *Mathew Dan Griffin,* for respondent.

FINLEY, J.—This appeal involves a matter of child custody and, allegedly, a question of contempt of court. On May 13, 1952, in a default divorce proceeding, Elaine G. Poffenroth was granted a decree of divorce from Leon A. Poffenroth.

[1]Reported in 299 P. (2d) 207.

She was awarded custody of the two minor children of the parties. The decree required the father to make monthly child-support payments.

Subsequently, the father of the children was cited for delinquency relative to the matter of child-support payments. He countered by petitioning the court for a change of child custody. At a hearing commencing on December 2, 1954, and concluding on December 8, 1954, the father presented evidence in support of his claim for a change of custody. A part of the mother's evidence was then introduced. Before the testimony was completed, the parties, with the approval of the court, apparently agreed upon an amicable settlement of the matter and stipulated that neither of them conceded anything with reference to the truth of the charges of the other.

On December 20, 1954, the court entered a temporary order permitting the mother to retain the custody of the two minor children, subject to the following conditions:

"That the plaintiff shall immediately and permanently break all personal social connections with married men, particularly one Royce Thornberg, and shall avoid any improper association or appearance of any improper association with men in the future, that the plaintiff furnish proper supervision for both children during those hours when she cannot be with them, and that the plaintiff shall have some suitable person subject to the approval of the Court living in the home charged with the care of the children and who shall be there at all times when the plaintiff herself is not present."

Subsequently, on motion of the father, the mother was cited for contempt for claimed violations of the above-quoted order. After a hearing on April 4, 1955, in which evidence was presented bearing upon the contempt matter, the trial judge stated in a memorandum opinion that "The issue is whether or not Mrs. Poffenroth has complied with the order, or whether she has so violated it as to be in contempt or to require the court modifying the temporary order." While the trial judge indicated that all evidence presented at the December and April hearings should be considered, nevertheless, he emphasized the evidence rela-

tive to the contempt matter in connection with his statement made in his memorandum opinion that "The temporary order giving the plaintiff custody of these children must be modified."

At subsequent hearings, evidence was presented showing that suitable arrangements had been made in a neutral home for the care of the children. The trial court made findings of fact which read, in part, as follows:

"IV  That thereafter, on the 1st day of March, 1955, upon motion of defendant against plaintiff and citation for contempt upon the part of the order set forth and upon the trial had upon the 4th day of April, 1955, at which time evidence was introduced by both parties, the Court finds that the plaintiff continued to associate with one Royce Thornberg in violation of the order of December 20, 1954; continued to have personal social relations with married men in violation of said order; and failed and neglected to have some suitable person approved by the Court to care and maintain the minor children of the parties hereto.

"V  That because of the conduct of plaintiff as set forth in paragraph IV above, the general well-being of the children is seriously endangered and, if continued, would permanently destroy their physical, mental, moral, and spiritual health.

"VI  That defendant is a fit and proper person to have the care, custody, and control of the minor children of the parties hereto and can provide them with a good home and give them the attention and affection and love necessary for their best well-being and health."

Based upon the foregoing findings of fact, the trial court made the following conclusions of law:

"I  That the plaintiff is found in contempt of Court for failing to comply with the agreed order of the Court issued on December 20, 1954.

"II  That a citation for contempt failing to comply with an order of Court issued pursuant to an order temporarily modifying the decree of divorce properly brings before the Court the entire subject matter of the well-being of the children.

"III  That the defendant is a fit and proper person to have the care, custody, and control of the minor children of the parties hereto."

An order was entered on July 1, 1955, transferring custody of the minor children to the father. The mother, Elaine G. Poffenroth, has appealed.

We note that the evidence presented at the hearing on December 2, 1954, raises some doubt as to whether the welfare of the children would be served best by the mother retaining their custody. However, it must be borne in mind that, after the hearing which commenced on December 2nd, and concluded on December 8th, the trial judge made no findings of fact or conclusions of law. He merely entered a temporary order which actually permitted the mother to retain custody of the children, subject to certain conditions. It was because of alleged violations of the conditions of the temporary order that the hearing was held on April 4, 1955, whereupon, as pointed out above, the trial court specifically found that the mother had violated the conditions and thereafter it transferred custody of the children to the father.

After reviewing the record, there is considerable uncertainty in our minds whether the custody of the children was changed solely because of considerations for their welfare and best interests, or because of the alleged contemptuous conduct of the mother. The case is remanded to the trial court for further proceedings with instructions that a hearing be held and a full-scale inquiry be made as to the significant facts bearing upon the questions of the welfare and best interests of the two minor children; that thereupon specific findings and conclusions of law be entered and an appropriate determination be made regarding the disposition of the custody of the two children.

The appellant has raised no question concerning the validity of the order restraining the mother from associating with certain individuals. We note that the case of *Pearce v. Pearce,* 37 Wn. (2d) 918, 226 P. (2d) 895, may be applicable; but since appellant has not questioned the power of the trial court to enter the restraining order, we express no views regarding the restraining order, except to say that

any further proceedings as to the contempt matter should be handled separately from the custody proceedings.

DONWORTH, C. J., SCHWELLENBACH, HILL, and OTT., JJ., concur.